

ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

FEB - 8 2010

CLERK, U.S. DISTRICT COURT
By _____
            Deputy

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| JOSEPH JERMAINE SIPSEY, 30955,<br>**Plaintiff,** | )<br>)<br>) |
| v. | )   No. 3:09-CV-1066-M |
| DAVID E. ROHLF,<br>**Defendant.** | )<br>)<br>) |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

## FINDINGS AND CONCLUSIONS

### I. Parties

Plaintiff is a state prisoner. He filed this complaint pursuant to 42 U.S.C. § 1983. He is proceeding pro se, and the Court has granted him permission to proceed *in forma pauperis.* Defendant is defense attorney David Rohlf.

### II. Background

Plaintiff pled guilty to committing assault. Defendant Rohlf represented Plaintiff in the criminal proceedings. Plaintiff alleges Defendant Rohlf forced him to plead guilty even though he told Rohlf he was not guilty. He also states Defendant Rohlf knew Plaintiff was on medication, and that he told Rohlf he was incompetent to stand trial, even though a competency examination found him competent. Plaintiff seeks money damages and expungement of his conviction.

### III.  Screening

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A.  That

section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil
> action in which a prisoner seeks redress from a governmental entity or officer or
> employee of a governmental entity [and] [o]n review, the court shall identify cognizable
> claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is
> frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2)
> seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b); *see also* 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing

fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time

if the court determines that . . . (B) the action or appeal–(I) is frivolous or malicious; (ii) fails to

state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant

who is immune from suit.").

Both § 1915A(b) and § 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds

that the complaint is frivolous or fails to state a claim upon which relief may be granted.  A

complaint is frivolous if it lacks an arguable basis in either law or fact.  *Neitzke v. Williams*, 490

U.S. 319, 325 (1989).  A complaint fails to state a claim upon which relief may be granted when

it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that

would entitle him to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

### IV.  Discussion

To obtain relief under 42 U.S.C. § 1983, a plaintiff must prove two elements: (1) a

deprivation of a right secured by the Constitution and laws of the United States; and (2) a

deprivation of that right by a defendant acting under color of state law.  *West v. Atkins*, 487 U.S.

**Findings and Conclusions of the**
**United States Magistrate Judge**          Page -2-

42, 48 (1988); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978).  The Fourteenth

Amendment of the Constitution provides in part that "[n]o State shall . . . deprive any person of

life, liberty, or property without due process of law."  The Fourteenth Amendment prohibits only

that action which may be fairly attributed to the States.  *Shelley v. Kramer*, 334 U.S. 1, 13

(1948).  The Fourteenth Amendment does not shield purely private conduct, however

discriminatory or wrongful.  *Id.; see also Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 349

(1974); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 169 (1970).

Plaintiff has failed to show that Defendant Rohlf acted under color of state law.

Attorneys do not act under color of state law when they perform a lawyer's traditional function

as defense counsel in a criminal proceeding.  *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

Accordingly, Plaintiff's complaint should be dismissed.

**RECOMMENDATION**

The Court recommends that Plaintiff's complaint be dismissed as frivolous.

Signed this _8_ day of _February_, 2010.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).